## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **STEPHEN JONES,** | **Case No. _____** |
| **Plaintiff,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **BECHTEL CORPORATION,** | **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |
| **Defendant.** | |

## ORIGINAL CLASS ACTION COMPLAINT

Plaintiff—Stephen Jones— brings this action, individually and on behalf of all others similarly situated (collectively, "Plaintiff and the Class Members"), against Bechtel Corporation ("Bechtel") to recover unpaid compensation and attorneys' fees and costs pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101—2109 (the "WARN Act"). Bechtel violated the WARN Act when it terminated Plaintiff and the Class Members without providing sufficient (or any) advance written notice.

## I.
## OVERVIEW

1.      This is a class action under FED. R. CIV. P. 23 brought pursuant to the WARN Act to recover unpaid compensation.

2.      Plaintiff and the Class Members are those similarly situated persons who worked Bechtel and who had been assigned to work at the Sabine Pass Liquified Natural Gas Plant (the "Sabine Plant") and were terminated without cause on their part on or about June 20, 2025.

3.      Plaintiff and the Class Members were employees of Bechtel and were terminated without cause on or about June 2025, as part of or as the reasonably expected consequence of a mass layoff, which was effectuated by Bechtel on or about that date.

4.      Bechtel failed to "give as much notice as practicable" of Plaintiff and the Class Members' termination.

5.      In fact, Bechtel gave *no* advance written notice to Plaintiff and the Class Members before it engaged in a mass layoff.

6.      In violation of the WARN Act, Bechtel failed to provide as much written notice as was practicable and also failed to provide a statement of the basis for reducing the notification period to *__zero__* days advance notice.

7.      Bechtel's failure to provide its employees with any advance written notice had a devastating economic impact on Plaintiff and the Class Members.

8.      As a consequence, Plaintiff and the Class Members are entitled to recover from the Bechtel their respective compensation and benefits for 60 days, no part of which has been paid.

9.      Plaintiff also prays that the Rule 23 class is certified as defined herein, with Plaintiff Jones named as the Class Representative.

## II.
## THE PARTIES

10.     Plaintiff Stephen Jones was employed by Bechtel in Texas during the relevant time period. Plaintiff Jones did not receive any advanced written notice of his termination.

11.     The Class Members are those former employees of Bechtel who were assigned to work at the Sabine Plant and were terminated without cause as part of a mass layoff within ninety (90) days of June 20, 2025.

12.     Defendant Bechtel Corporation ("Bechtel") is a foreign for-profit company, licensed to and doing business in the State of Virginia and may be served through its registered agent for service of process: **United Agent Group, Inc., 425 W. Washington St. Ste 4, Suffolk, Virginia 23434-5320.**

## III.
## JURISDICTION & VENUE

13.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 2104(a).

14.     This Court has general personal jurisdiction over Bechtel because Virginia qualifies as its home state.

15.     Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District of Virginia because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16.     Additionally, Bechtel's corporate headquarters are in Reston, Virginia, which is located within this District and Division.

## IV.
## ADDITIONAL FACTS

17.     Bechtel is an industrial construction company operating throughout the United States.[1]

18.     To provide its services, Bechtel employed numerous workers—including Plaintiff and the individuals that make up the Class.

19.     On information and belief, in or about June 2025, Bechtel employed approximately three thousand (3,000) individuals at the Sabine Plant.

20.     Bechtel hired Plaintiff and the Class Members with the understanding that they would remain employed by Bechtel and work on any construction sites to which Bechtel assigned them.

21.     Prior to his termination, Plaintiff Jones was employed by Bechtel as an Operator.

22.     On or about June 20, 2025, Plaintiff Jones and approximately eight hundred (800) of his coworkers were called into the lunch tent and terminated.

---

[1] https://www.bechtel.com/.

23.     On information and belief, in the days immediately preceding Plaintiff Jones's termination, approximately one thousand (1,000) other Class Members had also been terminated by Bechtel from the Sabine Plant.

24.     Plaintiff and the Class Members' terminations were without cause.

25.     Bechtel specifically informed Plaintiff Jones that his termination was part of a mass layoff.

26.     Prior to their termination, Plaintiff and the Class Members did not receive written notice at least sixty (60) days in advance of the termination of their employment, nor did they receive as much notice as practicable under the circumstances.

27.     Upon information and belief, over a thousand other employees—Class Members— working for Bechtel were terminated without cause as part of a reasonably foreseeable mass layoff.

28.     At all relevant times, Bechtel employed 100 or more employees, exclusive of part-time employees, (i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given) (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

29.     The terminations in June 2025 of the employment of persons who worked at the Sabine Plant for Bechtel resulted in the loss of employment for at least 500 employees, excluding Part-Time Employees.

30.     The terminations in June 2025 of the employment of persons who worked at the Sabine Plant, or as the reasonably foreseeable consequence of those terminations, resulted in the loss of employment for at least 33% of the Sabine Plant's employees, excluding Part-Time Employees.

31.    Plaintiff and the Class Members were discharged without cause in June 2025, or thereafter as the reasonably expected consequence of the terminations that occurred on that date.

32.    Plaintiff and the Class Members experienced an employment loss as part of or as the reasonably expected consequence of the mass layoff that occurred in June 2025.

33.    Because Bechtel was obligated under the WARN Act to provide notice to Plaintiff and the Class Members of the mass layoff prior to their termination but failed to do so, Bechtel violated the WARN Act.

34.    Plaintiff and the Class Members seek to recover all unpaid wages and other damages owed under the WARN Act as a class action under FED. R. CIV. P. 23.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Class Action Alleging Violation of the WARN Act)**

A.    **WARN ACT COVERAGE**

35.    Paragraphs 1–34 are fully incorporated herein.

36.    The Class is defined as:

**ALL FORMER BECHTEL CORPORATION EMPLOYEES WHO WERE ASSIGNED TO WORK AT THE SABINE PLANT AND WERE TERMINATED WITHIN NINETY (90) DAYS OF JUNE 20, 2025 ("Class Members").**

37.    At all material times, Plaintiff and the Class Members have been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101.

38.    Bechtel was, and is, subject to the notice and back pay requirements of the federal WARN Act because Bechtel is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or employed 100 or more employees who, in the aggregate, work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(a)(1)(A) & (B).

39.     The mass layoff at the Sabine Plant qualified as a mass layoff under the WARN Act as either at least thirty-three percent (33%) of the Sabine Plant's active employees or five hundred (500) or more employees at the Sabine Plant, excluding part-time employees, lost their employment with Bechtel. 29 U.S.C. § 2101(a)(3).

**B.     FAILURE TO PROVIDE NOTICE IN COMPLIANCE WITH THE WARN ACT**

40.     The WARN Act regulates the notice an employer must provide to employees who will be terminated due to the employer's plant closure or mass layoff, as well as the back pay and other associated benefits affected employees are due based on a violation of the required notice period.

41.     Pursuant to the WARN Act, 29 U.S.C. § 2102 and 20 C.F.R. §§ 639.1-639.10,  Bechtel was required to provide the affected employees at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, explaining why the sixty (60) days prior notice was not given.

42.     Bechtel violated the federal WARN Act by failing to provide the required notice to Plaintiff and the Class Members

43.     Bechtel failed to pay Plaintiff and the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for sixty (60) working days following their termination and failed to make the pension and 401(k) contributions, provide other employee benefits, and pay their medical expenses for sixty (60) calendar days from and after the dates of their termination.

44.     Section 2103 of the WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. §§ 2103(1)-(2).

45.     None of the WARN Act exemptions apply to Bechtel.

46.     Accordingly, Plaintiff and the Class Members must receive the notice and back pay required by the WARN Act, 29 U.S.C. §§ 2102, 2104.

47.     Plaintiff and the Class Members have been damaged by Bechtel's conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because of Bechtel's acts or omissions.

48.     Bechtel is in possession and control of necessary documents and information from which Plaintiff Jones would be able to precisely calculate damages.

49.     The proposed Class of sought to be certified pursuant to the WARN Act is defined in Paragraph 36.

50.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Bechtel.

## C.     WARN ACT CLASS ALLEGATIONS

51.     Plaintiff and the Class Members bring their WARN Act claim as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Bechtel.

52.     Class action treatment of Plaintiff and the Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

53.     The number of Class Members is so numerous that joinder of all class members is impracticable.

54.     Plaintiff Jones's WARN Act claims share common questions of law and fact with the claims of the Class Members.

55.     Plaintiff Jones is a member of the Class, his claims are typical of the claims of other Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other Class Members.

56.     Plaintiff Jones and his counsel will fairly and adequately represent the Class Members and their interests.

57.     Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

58.     Accordingly, the Class should be certified as defined in Paragraph 36.

## VI.
## RELIEF SOUGHT

59.     Plaintiff Jones respectfully prays for judgment against Bechtel as follows:

a.     For an Order certifying the Class as defined in ¶ 37, and designating Plaintiff Jones as the Representative for the Class;

b.     For an Order pursuant to the WARN Act finding Bechtel liable for compensatory damages in an amount equal to at least the amounts provided under 29 U.S.C. § 2104(a) found due to Plaintiff and the Class Members

c.     For an Order awarding the costs of this action;

d.     For an Order awarding attorneys' fees;

e.     For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

f.     For an Order awarding Plaintiff Jones a service award as permitted by law;

g.     For an Order compelling the accounting of the books and records of Bechtel, at Bechtel's expense (should discovery prove inadequate); and

h.     For an Order granting such other and further relief as may be necessary and appropriate.

Date:  July 2, 2025                    Respectfully submitted,

By:     _/s/ Zev Antell_____
Harris D. Butler, III (VSB No. 26483)
Craig J. Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Paul M. Falabella (VSB No. 81199)

**BUTLER CURWOOD, PLC**
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: harris@butlercurwood.com
   craig@butlercurwood.com
   zev@butlercurwood.com
   paul@butlercurwood.com


By: */s/ Clif Alexander*
  **Clif Alexander** (application *pro hac vice* forthcoming*)*
  Texas Bar No. 24064805
  clif@a2xlaw.com
  **Austin W. Anderson** (application *pro hac vice* forthcoming)
  Texas Bar No. 24045189
  austin@a2xlaw.com
  **Carter T. Hastings** (application *pro hac vice* forthcoming)
  Texas Bar No. 24101879
  carter@a2xlaw.com
  **ANDERSON ALEXANDER, PLLC**
  101 N. Shoreline Blvd, Suite 610
  Corpus Christi, Texas 78401
  Telephone: (361) 452-1279
  Facsimile: (361) 452-1284

  *Attorneys in Charge for Representative Plaintiff and*
  *Putative Collective/Class Members*